UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

STEPHANIE GRANT and PAMELA LOCKLEY,

                            Plaintiffs,

- versus -

SHAUN DONOVAN, *United States Secretary of Housing & Urban Development*, MATHEW WAMBUA, *Commissioner of Housing Preservation & Development of New York City*, MARC JAHR, *President of Housing Development Corporation of New York City*, ALAN SULLIVAN, *Manager of Linden Plaza Preservation Associates, Linden General Partner LLC, & R & S Linden LLC*, and ROBERT VACCARELLO, *President of RY Management Co., Inc.*,

                            Defendants.

ORDER
12-CV-4555 (JG)

JOHN GLEESON, United States District Judge:

        Stephanie Grant and Pamela Lockley commenced this action against defendants (1) Alan Sullivan, as manager of Linden Plaza Preservation, L.P. and Linden Plaza Associates, L.P., and Robert Vaccarello, as president of RY Management Co., Inc. (collectively, the "Linden defendants"); (2) Mathew Wambua, Commissioner of the New York City Department of Housing Preservation and Development ("HPD"), and Marc Jahr, President of the New York City Housing Development Corporation ("HDC") (collectively, the "City defendants"); and (3) Shaun Donovan, Secretary of United States Department of Housing & Urban Development ("HUD"). Defendants move to dismiss their complaint. I heard oral argument on January 17, 2013. For the reasons stated on the record on July 26, 2013 and reiterated below, the motions to dismiss are granted.

        Grant and Lockley are tenants of the Linden Plaza Apartments in Brooklyn, New York. After the oral argument of defendants' motions to dismiss their complaint, a number of

other tenants of the Linden Plaza Apartments brought claims similar to those alleged by Grant and Lockley against the defendants. Ten of those *pro se* plaintiffs[1] were before the court on July 26, 2013 on defendants' motions to dismiss their complaint. Prior to that oral argument, a motion was made by the ten *pro se* plaintiffs for Grant and Lockley to represent them during oral arguments. On the morning of the arguments, their application was denied; however, they were invited to have assistance, including by Grant and Lockley, during their oral argument. Grant accompanied the plaintiffs to the podium for their arguments. Also, in the courtroom were a large number of additional tenants from the Linden Plaza Apartments.

After the July 26 oral arguments, I ruled orally, granting defendants' motions to dismiss. Familiarity with that oral ruling is assumed and the ruling is incorporated here by reference. Though Grant and Lockley were present for that ruling, for their convenience I will include a transcript of it when a copy of this memorandum and order is sent to them.

Grant and Lockley seek (1) an order directing HUD to "confirm their role, and confirm every HUD executed contract with Linden Plaza since 2007," (2) injunctive relief from the certificate of eviction[2] issued against them by an HPD Administrative Hearing Officer, and (3) punitive damages. Like the ten plaintiffs whose cases were heard on July 26, Grant and Lockley's case arisesform of events that occurred at the Linden Plaza Apartments, a Mitchell-Lama housing project. Specifically, they complain of the 2008 rent increase at Linden Plaza.

---

[1] Oral argument on the following cases were heard on July 26, 2013: *Michelle Hassock v. Shaun Donovan, et al.,* 13-cv-982; *Renee Avent v. Shaun Donovan, et al.,* 13-cv-2088; *Deborah Priester v. Shaun Donovan, et al.*, 13-cv-2089; *Carlota Brown v. Shaun Donovan, et al.*, 13-cv-2090; *Leonard Andre v. Shaun Donovan, et al.*, 13-cv-2091; *Bernadette Sampson v. Shaun Donovan, et al.*, 13-2092; *Ambrozine Dhu v. Shaun Donovan, et al.*, 13-cv-2643; *Elvia Scharschmidt v. Shaun Donovan, et al.*, 13-cv-2644; *Shatifa Daniels v. Shaun Donovan, et al.*, 13-cv-4901; *Arlene Hipp v. Shaun Donovan, et al.*, 13-cv-2087.

[2] In a submission received on August 14, 2013, the plaintiffs have graciously asked for permission to amend their complaint to delete any reference to the eviction, as they concede it raises only a state-law question. In light of my rulings here, that application is denied as moot. Plaintiffs remain free to pursue their appeal in state court of the eviction proceeding.

Grant and Lockley's complaint is dismissed for the reasons stated on the record on July 26, 2013. As to the federal defendant, Shaun Donovan, plaintiffs complain that HUD failed to properly supervise HPD and HDC in their administration of the local rent programs at Linden Plaza. Plaintiffs have failed to allege a causal connection between the injuries they incurred (*i.e.*, the rent increase) and HUD's conduct. Further, they do not identify any law or regulation that required HUD to correct any alleged errors in HPD's or HDC's administration of the city rent programs in effect at Linden Plaza. Moreover, to the extent plaintiffs allege negligent supervision of HPD by HUD, that is a tort claim subject to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680 (the "FTCA"). They have failed to meet the requirements necessary to successfully allege a claim under the FTCA, including administrative exhaustion within the agency.

As to the Linden defendants, plaintiffs challenge the rent increases that were implemented by them. Specifically, plaintiffs argue that defendants misused or permitted the misuse of federal programs in a manner that violated their state and local rent protections under the Mitchell Lama law and/or the New York State Rent Stabilization law. A violation of plaintiffs' "Mitchell-Lama rights," if any, would arise under New York state law. Therefore, this Court does not have subject matter jurisdiction.

Similarly, Grant and Lockley have failed to establish subject matter jurisdiction against the City defendants. The crux of plaintiffs's allegations is that the city defendants issued a Mitchell Lama rent increase order. Again, a claimed violation of plaintiffs' Mitchell Lama rights would arise under state law and the Court does not have subject matter jurisdiction over such a claim.

Although Grant and Lockley invoke the Fifth and Sixth Amendment in their response to defendants' motions to dismiss, they allege no actions by defendants that amount to a cognizable claim under these amendments. A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682-83 (1946). Here, Grant and Lockley claim that they were denied "an impartial HPD (PHA) hearing officer," (Pl. Opp. ¶¶ 13-14) in violation of the Sixth Amendment.  The law is clear that the Sixth Amendment does not apply to administrative hearings.  *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981) (noting that the Sixth Amendment does not apply to civil cases); *Lopez v. City of New York*, No. 05-CV-3624 (ARR), 2007 WL 2228150, at *10 (E.D.N.Y July 31, 2007) ("The Sixth Amendment . . . applies only to criminal proceedings.").

Furthermore, the plaintiffs's claim of deprivation of property without due process of law is belied by their description of their administrative hearing prior to the issuance of their certificates of eviction.  Grant and Lockley do not allege that they were denied notice or an opportunity to be heard, but instead that their HPD hearing officer was biased because she omitted some evidence from the record and her decision.  Pls.' Opp. ¶¶ 15-18.  Grant and Lockley sought judicial review of the HPD hearing officer's decision *via* a CPLR Article 78 proceeding in state court.  This provides sufficient due process.  *Jones v. U.D. Dep't of Housing and Urban Dev.*, No. 11-cv-0846 (RJD), 2012 WL 1940845, at *5 (E.D.N.Y. May 29, 2012) ("…plaintiff's procedural due process claims must be dismissed as a matter of law because of the availability – and adequacy – of an Article 78 proceeding under New York State law . . .").

CONCLUSION

5

Accordingly, the defendants' motions to dismiss are granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 23, 2013
      Brooklyn, New York